084717.0014(207)　　　　　　　　RMC:lab　　　　　　　　　　#397

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| **OWNERS INSURANCE COMPANY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **CLEARY BUILDING CORP.**, a Wisconsin corporation, **MIKE RICH**, and **GINGER RICH**, | ) ) ) ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes the Plaintiff, Owners Insurance Company, by its attorney, Robert Marc Chemers of Pretzel & Stouffer, Chartered, and for its Complaint for Declaratory Judgment against the Defendants, Cleary Building Corp., a Wisconsin corporation, Mike Rich, and Ginger Rich, alleges the following:

### JURISDICTION

1.　　The jurisdiction of this Court is premised upon 28 U.S.C. 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, in this action seeking a declaration of no insurance coverage.

## VENUE

2. Venue is premised upon 28 U.S.C. 1391(b)(2) as certain of the Defendants are residents of this District.

## THE PARTIES

3. Owners Insurance Company ("Owners") is a Michigan insurance corporation, which maintains its principal place of business in Lansing, Michigan, and which at all times herein relevant was licensed to and which did transact insurance business in the State of Illinois and elsewhere.

4. Cleary Building Corp. ("Cleary") is a Wisconsin corporation with its principal place of business in Verona, Wisconsin. Cleary is an additional insured on a policy of insurance Owners issued to L&N Construction Company, Inc. ("L&N").

5. Mike Rich and Ginger Rich ("the Underlying Plaintiffs") are the plaintiffs against Cleary in an action pending in another Court, which action will be more fully described herein. The Underlying Plaintiffs have been joined herein as Defendants to the extent that each or both is interested, and to be bound by the judgment to be entered in this action, and no specific relief is sought against the Underlying Plaintiffs. If the Underlying Plaintiffs have no interest in the issues raised herein, Owners will seek to voluntarily dismiss them from this action. Each Underlying Plaintiff is a resident and citizen of the State of Illinois.

### THE OWNERS POLICY OF INSURANCE

6. Owners issued its Tailored Protection Insurance Policy numbered 164604-07173436-18 to L & N as named insured. The policy provided for, among other things, Commercial General Liability Insurance on a primary basis for the effective period of August 4, 2018 to August 4, 2019. A true, correct and complete copy of the Owners policy is attached hereto, made a part hereof and is marked as Pleading Exhibit A.

### THE UNDERLYING LITIGATION

7. The Underlying Plaintiffs have filed a Complaint against Cleary in the Circuit Court of the 15th Judicial Circuit, Ogle County, Illinois, under Cause No. 21 L 8. A true and correct copy of the aforesaid Complaint is attached hereto, made a part hereof and is marked as Pleading Exhibit B.

8. The Underlying Plaintiffs seek "financial damages" from Cleary for its alleged breach of a construction contract (Count I) and breach of a construction contract-implied warranties (Count II), all of which more fully appears in their Complaint, Pleading Exhibit B, attached hereto.

9. The Underlying Plaintiffs allege that they contracted with Cleary to construct an insulated and heated shop building for commercial use to store vehicles and other equipment with office space and living quarters on property they own in or near Lindenwood, Illinois, and they allege that there were continued failures to the completed work not consistent with the specifications, faulty workmanship and substandard construction (Ex. A, ¶ 7), they allege delays for various reasons (Ex. A, ¶ 8), and they

3

allege through completion that there was faulty workmanship and defects, as alleged in Ex. A, ¶ 9 as follows:

- A) Building 1 radiant heaters improperly installed compromising the heating unit's functionality characterized by various connection separations and "back firing"

- B) Building 2 HVAC system improperly installed on three occasions, leaving no cold air returns, non-working vents, non-functioning A/C unit and, when installed, "fake" air returns"

- C) French doors in Building 2 improperly installed resulting in major air penetration and freeze ups in the Winter

- D) Substandard drywall installation in living area (Building 2)

- E) Air penetration through faulty construction (improperly installed "vapor barrier" and "insulation") within walls of Building 1, including roofing components

- F) Building 2 air penetration in walls, cabinets and receptacles caused by faulty workmanship and insulation

- G) Inadequate attic ventilation in Project, resulting in attic truss and roof "freeze ups" and extensive "condensation build up" resulting in damp and wet attic insulation

- H) Wrongfully and improperly installed office window and shop doors in Building 1 resulting in major air penetration and freeze ups in Winter (uninsulated and/or improperly insulated)

4

I) Snow enters through metal wall panels due to absence of closure strips in roof and walls, among other things. Defendant's remediation attempts by use of spray foam also failed in this regard.

J) Failure to install snow stops on roof structure on Building 1

K) Faulty and substandard trim work related to garage doors, storm doors, living area, light fixtures, cabinet doors and interior doors (cabinet and interior man doors in Building 2 delaminating and/or not properly installed)

L) Failure to properly install exhausts in Project's bathrooms causing excessive wind noise, cold air infiltration and condensation

M) Poor construction and insulation of both Building 1 and Building 2 attic entrances, resulting in condensation, freeze up and water collection after melting

N) Excessive water penetration between wall of Building 1 and Building 2 as a result of improperly installed or inadequate thermal barrier between Building 1 & 2

O) Interior walls between Building 1 and 2 exposed to outside elements due to poor engineering and/or construction practices. (i.e. - air penetration, freezing and moisture)

10.     The Underlying Plaintiffs allege that Cleary failed and refused to fix, repair, and remediate the faulty workmanship items alleged in the preceding paragraph (Ex. A, ¶ 9).

### PROVISIONS OF THE OWNERS POLICY

11.     The Owners policy of insurance provides in the Insuring Agreement for "bodily injury" and "property damage" as follows:

> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABLITY**
>
> **1.      Insuring Agreement**
>
> > **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
> >
> > > **(1)**   The amount we will pay for damages is limited as described in Section **III** - Limits Of Insurance; and
> > >
> > > **(2)**   Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.
> >
> > No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**.
> >
> > **b.**    This insurance applies to "bodily injury" and "property damage" only if:

    **(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    **(2)**    The "bodily injury" or "property damage" occurs during the policy period; and

    **(3)**    Prior to the policy period, no insured listed under Paragraph **1**. of Section **II** - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

12. The Owners policy defines certain terms used in the Insuring Agreement set forth in ¶ 11 hereof as follow:

    **14.**    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * * * *

    **18.**    "Property damage" means:

        **a.**    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

        **b.**    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

7

> For the purposes of this insurance, electronic data is not tangible property.
>
> As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

## TENDERS OF DEFENSE

13. Cleary tendered its defense to Owners, and Owners did not accept that tender for the reasons stated herein.

## COUNT I
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND CLEARY)

14. Owners adopts and repeats the allegations of ¶¶ 1 through 13 as and for ¶ 14 hereof as though the same were fully set forth herein.

15. While the Owners policy, Pleading Exhibit A, extends coverage to an insured for "property damage" as defined therein, the claims in the underlying action by the Underlying Plaintiffs against Cleary are not covered by the Owners policy of insurance.

16. Owners contends that it has no duty or obligation to defend Cleary in connection with the claims made against it by the Underlying Plaintiffs for one or more or all of the following reasons:

> (a) That the Complaint does not allege "property damage" as defined by the policy of insurance.
>
> (b) That the Complaint does not allege an "occurrence" as defined by the policy of insurance.

8

(c) That the Complaint does not allege "physical injury to tangible property" as required by the policy of insurance for "property damage," and the Complaint does not allege "loss of use of tangible property that is not physically injured," as required by the policy of insurance for "property damage."

(d) That the alleged defective construction and "financial damages" set forth in the Underlying Plaintiffs' Complaint do not qualify as "property damage" caused by an "occurrence" as required by the Owners policy.

(e) That the alleged failure to fix, repair or remediate the work does not constitute "property damage" caused by an "occurrence" as those terms are defined by the Owners policy of insurance.

(f) That the breach of contract claims of the Underlying Plaintiffs in their Complaint do not qualify as an "occurrence" under Owners' policy of insurance.

(g) That as the allegations of the Underlying Plaintiffs' Complaint are beyond the coverage of the Owners policy, Owners has no duty or obligation to defend Cleary with respect to the allegations set forth by the Underlying Plaintiffs in their Complaint.

17. The above contentions of Owners are, on information and belief, denied by Cleary which, in turn, contends that it is entitled to coverage under the Owners policy of insurance. Owners, in turn, denies, the contrary contentions of Cleary and each of them.

18. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

**COUNT II**
**(DECLARATORY JUDGMENT RE: ALTERNATIVE NO DUTY TO DEFEND CLEARY)**

19. Owners in the alternative adopts and repeats the allegations of ¶¶ 1 through 17 as and for ¶ 19 hereof as though the same were fully set forth herein.

20. While the Owners policy, Pleading Exhibit A, extends coverage to an insured for "property damage" as defined therein, the claims in the underlying action by the Underlying Plaintiffs against Cleary are not covered by the Owners policy of insurance.

21. Owners contends in the alternative that it has no duty or obligation to defend Cleary in connection with the claims made against it by the Underlying Plaintiffs for one or more or all of the following reasons:

    (a) That the Complaint does not allege "property damage" as defined by the policy of insurance.

(b) That the Complaint does not allege an "occurrence" as defined by the policy of insurance.

(c) That the Complaint does not allege "physical injury to tangible property" as required by the policy of insurance for "property damage," and the Complaint does not allege "loss of use of tangible property that is not physically injured," as required by the policy of insurance for "property damage."

(d) That the alleged defective construction and "financial damages" set forth in the Underlying Plaintiffs' Complaint do not qualify as "property damage" caused by an "occurrence" as required by the Owners policy.

(e) That the alleged failure to fix, repair or remediate the work does not constitute "property damage" caused by an "occurrence" as those terms are defined by the Owners policy of insurance.

(f) That the breach of contract claims of the Underlying Plaintiffs in their Complaint do not qualify as an "occurrence" under Owners' policy of insurance.

(g) That as the allegations of the Underlying Plaintiffs' Complaint are beyond the coverage of the Owners policy, Owners has no duty or obligation to defend Cleary with respect to the

11

allegations set forth by the Underlying Plaintiffs in their Complaint.

22. Cleary is a scheduled additional insured on the Owners policy issued to L & N pursuant to an endorsement which provides, in part, as follows:

> A. Under **SECTION I – COVERAGES, COVERAGE A. BODILY INJURY AND PROEPRTY DAMAGE LIABILITY, 2. Exclusions** the following exclusion is added:
>
> **2. Exclusions**
>
> This insurance does not apply to:
>
> The Additional Insured for the "productions-completed operations hazard".
>
> B. Under **SECTION II – WHO IS AN INSURED**, the following is added:
>
> The person or organization shown in the above Schedule is an Additional Insured, but only with respect to liability arising out of "your work" for that insured by or for you.

23. The Owners policy issued to L & N in an endorsement amends the policy's definition of "products – completed operations hazard" as follows:

**PRODUCTS-COMPLETED OPERATIONS HAZARD AMENDATORY**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

Under **SECTION V – DEFINITIONS 17**.

"Products-completed operations hazard" is deleted and replaced by the following:

**17.** "Products-completed operations hazard":

12

    **a.**    Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

        **(1)**    Products that are still in your physical possession; or

        **(2)**    Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

            **(a)**    When all of the work called for in your contract has been completed.

            **(b)**    When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

            **(c)**    When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

        Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

        \*    \*    \*    \*    \*

24. Owners contends in the alternative that there is no coverage for Cleary, as Cleary is an additional insured for vicarious liability only, that is, it is an insured "only with respect to liability arising out of 'your [L & N's] work' for that insured by or for you," and Cleary has been sued only for its own alleged breach of contract.

25. Owners also contends in the alternative that there is no coverage for Cleary as the Owners policy specifically excludes coverage for the additional insured for the "products – completed operations hazard," which applies only in the event that the Complaint filed against Cleary alleges "property damage" as defined by the Owners policy.

If "property damage" is alleged against Cleary by the Underlying Plaintiffs, then the damage is within the "products – completed operations hazard" and is excluded from coverage.

26. The above alternative contentions of Owners are, on information and belief, denied by Cleary which, in turn, contends that it is entitled to coverage under the Owners policy of insurance. Owners, in turn, denies, the contrary contentions of Cleary and each of them.

27. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

## PRAYERS FOR RELIEF

**WHEREFORE**, the Plaintiff, Owners Insurance Company, prays that this Court enters judgment finding and declaring the rights of the parties as follows:

### AS TO COUNT I:

A. That Owners Insurance Company has no duty or obligation to provide a defense to Cleary Building Corp. for the action filed in the Circuit Court of the 15th Judicial Circuit, Ogle County, Illinois, under Cause

|     |     |
| --- | --- |
|     | No. 21 L 8, under its Commercial General Liability policy of insurance numbered 164604-07173436-18. |
| B.  | That the Court grant Owners Insurance Company such other and further relief as the Court deems fit and just under the circumstances. |
| C.  | That Owners Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor. |

### AS TO COUNT II:

| | |
| --- | --- |
| A. | That Owners Insurance Company has no duty or obligation to provide a defense to Cleary Building Corp. for the action filed in the Circuit Court of the 15th Judicial Circuit, Ogle County, Illinois, under Cause No. 21 L 8, under its Commercial General Liability policy of insurance numbered 164604-07173436-18. |
| B. | That the Court grant Owners Insurance Company such other and further relief as the Court deems fit and just under the circumstances. |
| C. | That Owners Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor. |

Respectfully submitted:

*/s/   Robert Marc Chemers*
Robert Marc Chemers
Bar No. 0431508
PRETZEL & STOUFFER, CHARTERED
200 South Wacker Drive
Suite 2600
Chicago, Illinois 60606
Telephone:  (312) 578-7548
Fax:            (312) 346-8242
E-Mail:  rchemers@pretzel-stouffer.com